UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TIMOTHY ALAN CONNELL,

    Plaintiff,

v.                                  Case No. 3:22-cv-269-BJD-JBT

CENTURION,
et al.,

    Defendants.
_____

## ORDER

Before the Court is Plaintiff's "Request for Emergency Relief" (Doc. 9). He requests that the Court issue a preliminary injunction or temporary restraining order because of ongoing denial of adequate medical care for a 2019 ear injury. Plaintiff asserts that in July 2019, while housed at Dade Correctional Institution, he was punched in the left ear, resulting in a "ruptured left tympanic membrane perforation . . . ." Id. at 2. He contends that he did not receive adequate medical care at Dade C.I. and was transferred to Florida State Prison in September 2019, where he continues to receive inadequate medical treatment.

A temporary restraining order (TRO) or preliminary injunction is appropriate where the movant shows that:

> (a) there is a substantial likelihood of success on the merits;
>
> (b) the TRO or preliminary injunction is necessary to prevent irreparable injury[1];
>
> (c) the threatened injury outweighs the harm that the TRO or preliminary injunction would cause to the non-movant; and
>
> (d) the TRO or preliminary injunction would not be a[d]verse to the public interest.

Parker v. State Bd. of Pardons & Paroles, 275 F.3d 1032, 1034-35 (11th Cir. 2001) (per curiam) (citation and footnote omitted); see Keister v. Bell, 879 F.3d 1282, 1287-88 (11th Cir. 2018). Such injunctive relief "is an extraordinary and drastic remedy that should not be granted unless the movant clearly carries [his] burden of persuasion on each of these prerequisites." GeorgiaCarry.Org, Inc. v. U.S. Army Corps of Engineers, 788 F.3d 1318, 1322 (11th Cir. 2015) (quotations and citation omitted).

Plaintiff has failed to meet his burden of persuasion as to the four prerequisites for injunctive relief. Thus, he is not entitled to the relief he requests. Plaintiff raises the same claims in his Complaint pending before the Court. See Doc. 1. The Court will substantively address the claims when it

---

[1] The Eleventh Circuit has "emphasized on many occasions, the asserted irreparable injury 'must be neither remote nor speculative, but actual and imminent.'" Siegel v. LePore, 234 F.3d 1163, 1176-77 (11th Cir. 2000) (per curiam) (quoting Northeastern Fla. Chapter of the Ass'n of Gen. Contractors v. City of Jacksonville, 896 F.2d 1283, 1285 (11th Cir. 1990)).]

2

addresses the Complaint. Plaintiff is reminded that he must either pay the filing fee or file an application to proceed in forma pauperis by April 18, 2022. See Doc. 8.

Accordingly, it is

**ORDERED** that Plaintiff's "Request for Emergency Relief" (Doc. 9) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida, this 4th day of April, 2022.

_____
BRIAN J. DAVIS
United States District Judge

Jax-7

c: Timothy Alan Connell, #T11890